**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4141**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWIN MARQUIS BATES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00281-TDS-1)

Submitted:  August 25, 2020                    Decided:  August 27, 2020

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Marquis Bates appeals his conviction and 100-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On appeal, counsel for Bates has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the district court's application of a two-level Sentencing Guidelines enhancement and the substantive reasonableness of Bates' sentence. In addition, Bates has filed a pro se supplemental brief contesting the sufficiency of the evidence supporting his guilty plea and the two-level Guidelines enhancement, as well as the extent to which the district court based its sentencing decision on his criminal history. For the reasons that follow, we affirm.

Before accepting a guilty plea, the district court must ensure, among other things, that the plea is supported by an independent basis in fact. Fed. R. Crim. P. 11(b)(3). At the plea hearing, Bates admitted each element of the offense and offered no objection to the Government's thorough factual proffer. Accordingly, we reject Bates' sufficiency challenge and discern no plain error in the court's acceptance of Bates' guilty plea. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002) (providing standard of review for unpreserved claims of Rule 11 error).

Next, we review Bates' sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly

2

calculated the defendant's Guidelines range. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

As initially calculated, Bates' Guidelines range—with or without the disputed 2-level enhancement—exceeded the applicable 120-month statutory maximum. Thus, as *Anders* counsel rightly acknowledges, regardless of the propriety of the enhancement, the district court correctly calculated a Guidelines term of 120 months. Finally, we conclude that nothing in the record rebuts the presumption of substantive reasonableness accorded Bates' downward variance sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bates' criminal judgment. This court requires that counsel inform Bates, in writing, of the right to petition the Supreme Court of the United States for further review. If Bates requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bates.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*